UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

vs.

ROWVONTAE WALKER,

        Defendant.
_____/

Case No. 16-cr-20103
Hon. Mark A. Goldsmith

# OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO VACATE PURSUANT TO 28 U.SC. § 2255 (Dkt. 34)

Defendant Rowvontae Walker was sentenced to 70 months' imprisonment, to be served concurrently with his state sentence, on January 17, 2017. Judgment (Dkt. 33). More than two years later, Walker filed the instant motion pursuant to 28 U.S.C. § 2255, which raises one ground for relief. He contends that he is entitled to eleven and a half months of time off of his sentence, because he served time in custody from February 5, 2016 until January 17, 2017. Def. Mot. at 4 (Dkt. 34).

As an initial matter, Walker's motion is untimely. A motion under § 2255 must be filed within one year of the judgment becoming final. 28 U.S.C. § 2255(f)(1). Where no direct appeal is filed, the judgment becomes final upon the expiration of the time for filing the notice of appeal; that is, fourteen days after the entry of judgment. See Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P. 4(b)(1)(A). Walker's judgment became final on February 1, 2017, and the statute of limitations for bringing a § 2255 motion therefore expired on February 1, 2018. Walker's motion is untimely, and for this reason must be denied.

Additionally, a claim regarding the computation of sentence by the Bureau of Prisons is not properly brought under § 2255. "[C]ourts have uniformly held that claims asserted by federal

1

prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (internal citations omitted). Thus, the proper method of challenging the Bureau of Prisons' calculation of a sentence is to file a motion pursuant to 28 U.S.C. § 2241, after exhausting available remedies, and to name the custodian – that is, the warden at the federal institution – as the respondent.

In sum, Walker is not entitled to relief under § 2255 because his motion is untimely. Even if the motion was timely, the grounds asserted are not properly the subject of a § 2255 motion. Accordingly, Walker's motion for relief pursuant to 28 U.S.C. § 2255 is denied. Further, because Walker's claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Walker a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

SO ORDERED.

Dated: May 28, 2019                                           s/Mark A. Goldsmith
    Detroit, Michigan                             MARK A. GOLDSMITH
                                                              United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2019.

                                                   s/Karri Sandusky
                                                  Case Manager